IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL OSHESKIE,<br><br>**Plaintiff,**<br><br>v.<br><br>ALLEGHENY LUDLUM, LLC,<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>) Civil No. 14-694<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

Pending before the Court is Defendant Allegheny Ludlum, LLC's Motion to Compel Discovery Responses [ECF #12].

**I. Procedural History.**

Defendant served Requests for Interrogatories and Production of Documents on Plaintiff on October 3, 2014. Plaintiff served responses on October 30, 2014. Defense counsel was dissatisfied with a number of Plaintiff's responses and on November 5, 2014 wrote Plaintiff's counsel a letter explaining what were the perceived inadequacies and explaining that if they were not remedied, Defendant would be filing a motion to compel. Plaintiff provided supplemental responses to Defendant on November 19, 2014. Still dissatisfied as to Plaintiff's responses to Interrogatories numbers 6, 7, 8, 10, 11, 12, and 15 and Request for Production of Documents numbers 14 and 19, on November 25, 2014, Defendant filed the pending Motion to Compel. On December 5, 2014, Plaintiff again supplemented his responses and filed a Response to Defendant's motion to compel, contending that on that date, he had served "full and complete responses to Defendant's interrogatories and physical copies of all documents in response to Defendant's request for document production." Plaintiff's Response in Opposition to

1

Defendant's Motion to Compel, p. 1. Defendant disagreed; on December 15, 2014, it filed a Reply Brief where it explained that Plaintiff had cured some of the inadequacies in his responses, but not as to Interrogatories 7, 8 and 15 and Document Request 19. On December 19, 2014 Plaintiff filed a Surreply Brief in opposition to Defendant's Reply Brief in which he contended that he had answered all of Defendant's requests and specifically addressed his responses to Interrogatories 7, 8 and 15 and Document Request 19. Defendant quickly filed a Response to Plaintiff's Surreply Brief to address Plaintiff's arguments about Interrogatory 15.

**II. Legal Analysis.**

At this juncture, it appears that we need only substantively address Defendant's Motion to Compel as to Interrogatories 7, 8 and 15 and Document Request 19.

**A. Interrogatories 7 and 8.**

Interrogatories 7 and 8 are related. Interrogatory 7 asks:

With respect to your claim that Allegheny Ludlum unlawfully retaliated against you, identify and describe in detail the following:

a. the alleged protected activity in which you engaged, on the basis of which protected activity you claim that Allegheny Ludlum allegedly retaliated against you, including a detailed description of any statement made by you comprising the alleged protected activity;
b. the date on which you engaged in the alleged protected activity;
c. the location at which you engaged in the alleged protected activity;
d. whether the alleged protected activity was oral or in writing and, if in writing, a detailed description of that writing;
e. the identity of any witnesses to the alleged protected activity;
f. a detailed description of every adverse employment that you contend Allegheny Ludlum subjected you because you engaged in the protected activity, including the date of, location of, and any witnesses to an such adverse employment action;
g. a detailed description of each and every fact that you contend establishes a causal connection between the alleged protected activity and the alleged adverse employment action; and
h. the identity of any documents that record or reflect any of the foregoing.

2

Interrogatory 8 states:

> For each and every employment action that you contend in this lawsuit is an adverse employment action on which you are basin[g] one or more of your claims, describe in detail each and every fact supporting, underlying, or otherwise relating to your contention in this lawsuit that Allegheny Ludlum's articulated reasons for engaging in that alleged adverse employment action are not the real reasons for that action, but rather are a pretext for intentional age and/or disability discrimination against you, and/or intentional retaliation against you.

Plaintiff first responded to these interrogatories on October 30, 2014. He then supplemented his responses twice, on November 19 and December 5, 2014. Upon review of all of Plaintiff's responses to Interrogatory 7, we find that Plaintiff has sufficiently responded to Interrogatory 7. In particular, we find that Plaintiff has expressly answered Defendant's queries with respect to what alleged protected activities he undertook and what were Defendant's alleged adverse employment actions as a result of said protected activities. Similarly, upon review of Plaintiff's responses to Interrogatory 8, we find that Plaintiff has sufficiently responded to this inquiry, especially in light of the fact that Defendant's question is premised upon Plaintiff somehow having knowledge, in the early discovery phase of this litigation, of "Allegheny Ludlum's articulated reasons for engaging in that alleged adverse employment action." Defendant's Motion to Compel is denied as to Interrogatories 7 and 8.

**B. Interrogatory 15 and Request for Production of Documents 19.**

Interrogatory 15 and Request for Production of Documents 19 also are related.

Interrogatory 15 queries:

> Identify all physicians, doctors, surgeons, therapists, psychiatrists, psychologists, counselors, hospitals, clinics, or other medical or health care providers or facilities who have treated or examined you from January 1, 1998 (when you allege you were first diagnosed with a "Mood Disorder") to the present, including but not limited to (i) the doctor or other health care provider who diagnosed you with a "Mood Disorder" in 1998, as alleged by you in paragraph 11 of the Complaint; (ii) Dr. Louis Hauber; (iii) Dr. Lawson Berstein; (iv) the personnel at Kittanning Hospital, as alleged by you in paragraph 26 of the Complaint; (v) Dr. Rolf Jacob;

3

and (vi) any other health care provider, and, with respect to each, identify and describe in detail the following:
a. full name, with address and telephone number;
b. the dates of the treatment or examination;
c. the reasons for the treatment or examination, with you presenting conditions or symptoms;
d. the diagnosis and prognosis;
e. the treatment plan; and
f. whether your treatment with each such health care provider has concluded or is continuing.

Request for Production of Documents 19 requests:

> A complete set of your medi[c]al records from each doctor, surgeon, physician, psychologist, psychiatrist, therapist, counselor, medical professional, and every other health care provider with whom you have treated or by whom you have been examined, the identities of whom have been requested in Interrogatory No. 15, and/or executed Authorization for Release of Medical Records addressed to each and every such health care provider authorizing the release of the complete set of your medical records to Allegheny Ludlum and its undersigned counsel."

Plaintiff first responded to Interrogatory 15 and Request for Production of Documents 19 as follows. As to Interrogatory 15 he answered: "Plaintiff objects to Interrogatory No. 15 because: (1) it is unduly burdensome to the extent it seeks information from 1998 through 2014, (2) Plaintiff is without adequate knowledge to list every single treatment, examination and person who examined him, (3) it seeks cumulative or repetitive information that Plaintiff has already provided to Defendant in the form doctor's notes and employer documents and (4) it seeks information protected by physician-patient privilege." As to Request 19, Plaintiff's response was that he objected to the request on the basis that the information sought was protected by the doctor- patient privilege.

Plaintiff then supplemented his responses to Interrogatory 15 and Request for Production of Documents 19 as follows. As to Interrogatory 15 he added:

> Plaintiff objects to Interrogatory No. 15 because: (1) it is unduly burdensome to the extent it seeks information from 1998 through 2014, (2) Plaintiff is without adequate knowledge to list every single treatment, examination and person who

4

examined him, (3) it seeks cumulative or repetitive information that Plaintiff has already provided to Defendant in the form doctor's notes and employer documents and (4) it seeks information protected by physician-patient privilege.

Subject to, and without waiving any objection, see documents labeled as Request No. 19.

As to Request for Production of Documents 19, he responded: "See documents labeled as Request No. 19." Later, on December 5, 2014, Plaintiff again responded to Interrogatory 15 by referring Defendant to his response to Defendant's Request No. 19.

The document(s) labeled as Request No. 19 were not provided to the Court for review. We do know, however, that at this point, Plaintiff has provided Defendant with executed, but otherwise blank, medical releases (i.e. they are blank with respect to the names, addresses, and phone numbers of any health care providers or facilities).

Reviewing Plaintiff's responses to Interrogatory 15 and Request for Production of Documents 19, we find Plaintiff's responses are insufficient. Plaintiff's lawsuit makes his medical history from January 1, 1998 to the present relevant and discoverable. Therefore, Defendant's Motion to Compel as to Interrogatory 15 and Request for Production of Documents 19 shall be granted as follows: Plaintiff shall within 10 days of the date of this Order produce to Defendant a list of the names, addresses, and phone numbers of any medical or health care providers or facilities who have treated or examined him since January 1, 1998 and for each medical or health care provider or facility on said list, Plaintiff shall execute an Authorization for Release of Medical Records.

### C. Federal Rule of Civil Procedure 37 Sanctions.

Federal Rule of Civil Procedure 37 provides that, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed.R.Civ.P. 37(a)(1). Relevant here, where ultimately the motion to compel is granted in part

5

and denied in part, "the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed.R.Civ.P. 37(a)(5)(C). We decline to issue any sanctions with respect to this discovery dispute.

**III. Conclusion.**

An Appropriate Order follows:

**ORDER**

AND NOW, this 20th day of January, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant Allegheny Ludlum, LLC's Motion to Compel Discovery Responses [ECF 12] is GRANTED to the extent that Plaintiff shall within 10 days of the date of this Order produce to Defendant a list of the names, addresses, and phone numbers of any medical or health care providers or facilities who have treated or examined him since January 1, 1998 and for each medical or health care provider or facility on said list, Plaintiff shall execute an Authorization for Release of Medical Records. Otherwise, Defendant Allegheny Ludlum, LLC's Motion to Compel Discovery Responses [ECF 12] is DENIED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge